### 13869.   WRIGHT *v.* THE STATE.

The defendant's statement at the trial was not unduly disparaged by the
instruction to the effect that the jury should not consider his statement
that he had been tried in the Federal court for the same offense and
acquitted; nor was the charge on the statement erroneous for any other
reason assigned.

DECIDED NOVEMBER 14, 1922.

Indictment for manufacture of liquor; from Quitman superior
court — Judge Worrill.   June 30, 1922.

*Charles W. Worrill,* for plaintiff in error.

*B. T. Castellow,* solicitor-general, *R. R. Arnold, E. C. Hill,*
contra.

BROYLES, C. J.   1.   The following excerpt from the charge of
the court is excepted to : " At the beginning of this case the sugges-
tion was made both by counsel for the defendant, and a statement
was made by the defendant, that he had been tried for the same
offense in the Federal court at Columbus, Georgia, and had been
acquitted.   I want to charge you that that trial before the Federal
court at Columbus has nothing to do with these cases on trial; that
is a different court from this court.   The defendant may have been
charged by the Federal court in Columbus with the violation of
the statute of the United States, but the defendant in these cases
is not charged with the violation of the statute of the United
States, but charged with the violation of the statute of this State,
and the fact that he was tried there and acquitted has nothing to
do with this trial.   I charge you, if he had been convicted there,
it would have been no bar to this trial.   I charge you therefore, as
a matter of law, that you will not allow the statement that he was
tried and acquitted there to influence you in dealing with the de-
fendant's guilt or innocence in these cases.   It has nothing to do
with these cases.   I charge you that as a matter of law and as
sworn jurors you are to take the law of these cases from this court
and apply it to the facts you gather from the evidence and the
defendant's statement, and from that arrive at your verdict."   The
record contains this note of the trial judge : " Defendant offered a
plea of former jeopardy to this indictment returned against him
by the grand jury of Quitman county, alleging that he had been
tried and acquitted for the same offense in the U. S. district court
at Columbus, Georgia.   This plea was overruled.   When defendant

made his statement he referred to this fact, and though the plea of former jeopardy had been overruled, counsel for defendant argued to the jury the fact of former trial and acquittal, based on defendant's statement, as a reason why the jury should not convict. It was for this reason that the court referred to the matter."

The charge is not subject to the criticism that it was disparaging to the defendant's statement and " was contrary to the principle of law laid down in the Penal Code, § 1036, of the right of the prisoner to make a statement, which the court should have charged without adding criticisms or comments which were calculated to be misunderstood by the jury and have an injurious effect upon the manner in which they dealt with such statement, and which said charge did operate against defendant's chance for an acquittal inasmuch as it unduly influenced the jury in the rendition of its verdict against defendant." Nor was this excerpt from the charge erroneous for any other reason assigned.

2. The other assignments of error, including the general grounds of the motion for a new trial, not having been referred to in the brief of counsel for the plaintiff in error, are treated as abandoned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*